United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SMITH, SAMIR RADY, and FLORINTINO FIGUEROA on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CARDINAL LOGISTICS MANAGEMENT CORPORATION, a North Carolina Corporation, and Does 1 through 100, inclusive,<br><br>    Defendants. | Case No. 07-2104 SC<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S <u>THIRD-PARTY COMPLAINT</u> |

I. **INTRODUCTION**

The present matter comes before the Court on the Motion to Strike or Dismiss Defendant's Third-Party Complaint ("Motion"), filed by the plaintiffs Gerald Smith, Samir Rady and Florintino Figueroa (collectively "Plaintiffs"). Docket No. 51. The defendant Cardinal Logistics Management Corporation ("Cardinal" or "Defendant"), filed an Opposition and Plaintiffs submitted a Reply. Docket Nos. 52, 53. For the following reasons, the Court GRANTS Plaintiffs' Motion.

///
///

## II. BACKGROUND

Cardinal is a North Carolina corporation that provides truck delivery services to The Home Depot in California and other states. Notice of Removal, Docket No. 1, ¶ 3; Opp'n at 3. Plaintiffs were hired by Cardinal as delivery truck drivers. Opp'n at 4; First Am. Compl., Docket No. 25, ¶¶ 19-40.

As a condition of their employment, Plaintiffs were required to execute various agreements, including: a Motor Vehicle Lease Agreement ("VLA"), whereby Plaintiffs leased the delivery trucks from Cardinal; an Equipment and Service Agreement ("ESA"), which included a provision stating that the drivers were independent contractors; and a Transportation Services Agreement ("TSA"), which provided the general terms for the business relationship, including the details of the transportation services to be performed, the compensation arrangement, the insurance requirement, and an indemnification clause. See Third-Party Compl., Docket No. 44, Ex. A. In addition, Plaintiffs allege that as a condition of their employment by Cardinal, they were forced to form their own business entities, usually limited liability companies. First Am. Compl. ¶¶ 19-40. Plaintiffs allege that this was done so that Plaintiffs could be classified as "independent contractors," rather than employees, and thereby be forced to pay for numerous and substantial employment-related expenses that, by law, Cardinal would have to pay were Plaintiffs classified as employees rather than independent contractors. Id. ¶ 5.

Plaintiffs filed the present class-action lawsuit in

2

1 California State Superior Court, alleging that Cardinal unlawfully
2 classified its delivery drivers as "independent contractors," when
3 in fact and law the drivers were "employees" and, as employees,
4 entitled to various benefits. Notice of Removal Ex. A. Cardinal
5 removed the case to federal court and filed a Third-Party
6 Complaint against Samir Rady and Rady Transportation, LLC. Samir
7 Rady, as noted above, is a Plaintiff. Rady Transportation is a
8 limited liability company owned by Samir Rady.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 14(a)(1) states that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a)(4) permits "[a]ny party [to] move to strike the third-party claim." Fed. R. Civ. P. 14(a)(4). "The decision to allow a third-party defendant to be impleaded under [R]ule 14 is entrusted to the sound discretion of the trial court." United States v. One 1977 Mercedes Benz ("Mercedes"), 708 F.2d 444, 452 (9th Cir. 1983). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." Id. "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." Id.

///
///

3

## IV. DISCUSSION

Plaintiffs assert the following causes of action against Cardinal: (1) failure to reimburse for employee expenses in violation of California Labor Code § 2802; (2) unfair competition in violation of California Business and Professions Code § 17200 et seq.; (3) unjust enrichment; (4) declaratory relief; (5) request for an accounting; and (6) civil penalties pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 et seq. See First Am. Compl., Docket No. 25. In essence, Plaintiffs allege that Cardinal improperly classified its delivery drivers as independent contractors when in fact the drivers were employees. Cardinal's Third Party Complaint asserts two causes of action against Rady Transportation and Plaintiff Rady: (1) indemnity pursuant to the indemnification provision of the TSA; and (2) breach of contract.

As noted above, a third-party claim may only be asserted against a nonparty. See Fed. R. Civ. P. 14(a)(1). Samir Rady, as a plaintiff in this case, is a party. Cardinal, therefore, may not assert its third-party claim against Samir Rady. Accordingly, the Court construes the third-party claim to be directed only against Rady Transportation.

It is undisputed that Cardinal's second cause of action in its Third-Party Complaint is not derivative of Plaintiffs' claims. Cardinal's second cause of action alleges that Rady Transportation breached its contract with Cardinal by failing to repay Cardinal $3,256.16 in fuel costs. Third-Party Complaint ¶¶ 21-25. As Cardinal concedes, "Cardinal did not assert this claim as a

4

1  derivative third-party claim." Opp'n at 9. Instead, Cardinal
2  states that the second cause of action is properly joined pursuant
3  to Federal Rule of Civil Procedure 18(a). Whether or not this is
4  true, the validity of Cardinal's Third-Party Complaint is
5  contingent on whether the first cause of action is derivative of
6  Plaintiffs' claims.
7  Cardinal's first cause of action seeks indemnification from
8  Rady Transportation based on the Indemnification Provision in the
9  TSA that Rady Transportation signed. Cardinal's claim asserts the
10 following:

> Pursuant to the Indemnification Provision, Rady Transportation therefore must indemnify, defend, and hold Cardinal harmless from and against any and all claims, actions, losses, damages, expenses, judgments, and costs, including reasonable attorneys' fees and costs, resulting from or arising out of the claims asserted by Rady in this case.

Third-Party Compl. ¶ 19.

The TSA provision Cardinal relies on states:

> Carrier [Rady Transportation] shall indemnify, defend, and hold harmless Cardinal . . . from and against any and all claims, actions, losses, damages, expenses, judgments and costs (including reasonable attorneys' fees and costs) <u>resulting from or arising out of Carrier's performance of the Services</u>, including any loss or damages or destruction of property and vehicles, or from the death of or injury to any person, unless the proximate cause is Cardinal's negligence or wrongful act.

Third-Party Comp. Ex. A at 3 (emphasis added). "Services" is defined by the TSA as the services relating to the operation of "the vehicles for cargo transportation." Id. at 1.

5

The TSA Indemnification Provision, by its very terms, only provides for indemnification for claims arising out of Rady Transportation's operation of the trucks for delivery purposes. Plaintiffs' claims are wholly unrelated to any of these "Services." Rather, Plaintiffs assert that they were unlawfully classified as independent contractors, rather than as employees. It is difficult, if not impossible, to understand how the above-cited Indemnification Provision has any bearing on Plaintiffs' First Amended Complaint. Cardinal's arguments to the contrary are not persuasive.

It is also worth noting that Plaintiffs allege that they were forced to form limited liability companies, including Rady Transportation, so that Cardinal would be able to avoid classifying Plaintiffs as employees. Plaintiffs argue that these LLCs were "nothing more than fictitious business names for the drivers themselves, and serve[ed] no purpose other than to perpetuate and to shield Cardinal's scheme of mischaracterizing its employees as independent contractors." First Am. Compl. ¶ 5. It would be anomalous, in light of these allegations, to permit Cardinal, in an effort to deflect liability, to turn around and sue the very LLCs that Plaintiffs claim Cardinal required Plaintiffs to form in order to secure employment from Cardinal.

For these reasons, the Court finds that Cardinal's third-party claims are not derivative of the claims asserted by Plaintiffs. The Court therefore strikes Cardinal's Third-Party Complaint.

Cardinal, in its Opposition, asks that the Court, in the

alternative, construe the Third-Party Complaint as a crossclaim pursuant to Federal Rule of Civil Procedure 13(g). The Court declines this invitation. Rule 13(g) permits crossclaims against coparties. Fed. R. Civ. P. 13(g). Rady Transportation is not a party to this action. Cardinal, in an effort to skirt this inconvenient fact, argues that Rady Transportation is nonetheless "joinable under Rule 20(a)." Opp'n at 12. Whether or not this is true, the fact remains that Rady Transportation is not, at this time, a party. Cardinal may not, therefore, assert a crossclaim against it.

**V.   CONCLUSION**

For the reasons stated herein, the Court GRANTS Plaintiffs' Motion to Strike Defendant's Third-Party Complaint.

IT IS SO ORDERED.

Dated: June 4, 2008

_____
UNITED STATES DISTRICT JUDGE