CHAVEZ & GERTLER, LLP
JONATHAN E. GERTLER (SBN: 111531)
CHRISTIAN SCHREIBER (SBN: 245597)
42 Miller Avenue
Mill Valley, California 94941
Telephone:  (415) 381-5599
Facsimile:   (415) 381-5572
jon@chavezgertler.com

LAW OFFICES OF KIM E. CARD
KIM E. CARD (SBN: 147779)
1690 Sacramento Street
Berkeley, California 94702
Telephone:  (510) 684-5863
Facsimile:  (510) 644-2659
kimecard@sonic.net

Attorneys for Plaintiffs GERALD SMITH, et al.,
and the Certified Plaintiff Class

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
ROBERT L. BROWNING, *Pro Hac Vice*, Ind. Bar No. 15128-49
10 West Market Street, Suite 1500
Indianapolis, IN 46204
Telephone: (317) 637-1777
Facsimile: (317) 687-2414
rbrowning@scopelitis.com
Attorneys for Defendant
CARDINAL LOGISTICS MANAGEMENT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERALD SMITH, SAMIR RADY, FLORENTINO FIGUEROA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARDINAL LOGISTICS MANAGEMENT CORPORATION, a North Carolina Corporation,<br><br>Defendant. | Case No.:  C07-02104 SC<br><br>**CLASS ACTION**<br><br>**STIPULATION AND ORDER TO CONTINUE THE TRIAL DATE**<br><br>THE HONORABLE<br>SENIOR JUDGE SAMUEL CONTI |

Plaintiffs Gerald Smith, Samir Rady, and Florentino Figueroa ("Class Representatives") and Defendant Cardinal Logistics Management Corporation ("Defendant") (collectively, "the Parties") submit the following stipulation and joint request to the Court regarding the Parties' upcoming trial and discovery deadlines.

1. This is a certified class action alleging violations of the California Labor Code and California Business & Professions Code for the alleged misclassification of delivery truck drivers.

2. On January 22, 2010, the Court set this matter for trial on February 7, 2011 (Docket #128). The Parties continue to believe that trial will take approximately three weeks.

3. The Parties have agreed in principle on the terms of a proposed settlement and on an amount that will be presented for approval to Defendant's senior and subordinated debt holders.

4. Defendant is highly leveraged; all of Defendant's assets are held as security for Defendant debt; and the loan documents contain various financial covenants. Under the terms of those financial covenants, a majority of Defendant's senior and subordinated debt holders must approve the proposed settlement; otherwise, Defendant's acceptance of the proposed settlement will trigger a Defendant default, which could lead to foreclosure by Defendant's debt holders.

5. Defendant is in the process of communicating this proposed settlement to its senior and subordinated debt holders for approval, but the process is time consuming and may take until late October or mid-November.

6. A primary factor warranting settlement is the highly leveraged financial condition of Defendant and the risk to the class that a Defendant default (including a default that will occur if a large judgment is rendered against Defendant at trial) and foreclosure by Defendant's debt holders will leave the plaintiffs unable to collect on any judgment obtained against Defendant.

7. Settlement discussions in this matter have been complicated, and protracted, as a result of Defendant's financial condition and circumstances. At the time of the Parties' mediation last October, Defendant provided revenue expectations and assumptions for 2010.

1  Given the uncertainty of a broader economic recovery and other factors, the Parties were
2  unable to agree on a reliable forecast for 2010 or the resulting impact on the range of
3  settlement.  Since the Court's January 2010 Scheduling Order, the Parties have continued to
4  participate in settlement discussions, and have benefitted from additional clarity in Defendant's
5  financial picture.
6        8.     While settlement discussions have been taking place, the Parties have been
7  concurrently preparing for trial and conducting discovery.  However, because the Parties have
8  agreed in principle as discussed above and are awaiting the approval of Defendant's senior and
9  subordinated debt holders before the Parties seek preliminary approval from the Court, the
10 parties believe the substantial cost of expert reports, expert depositions, additional discovery,
11 pretrial and trial preparation, and further law and motion practice, may threaten any final
12 resolution of the case, will cause the Court to commit resources in ruling on dispositive and
13 pre-trial motions, will cause additional time and expense to be incurred by the parties, and will
14 diminish the classwide recovery .  Expert discovery in particular will be expensive, and in the
15 event a settlement is finalized between the Parties in the next 30-45 days, any costs that have
16 been expended on the preparation of expert reports will diminish the classwide recovery.
17       9.     In addition to the trial date of February 7, 2011, the Court's Status Conference
18 Order of January 22, 2010 also set a discovery deadline of December 7, 2011, and a last
19 hearing date for any motions of January 7, 2011 (which means motions would have to be filed
20 by December 3, 2010).  As with the expert costs, the costs of completing discovery in the
21 coming weeks will diminish the class recovery if a settlement is ultimately finalized.
22       10.    Accordingly, for the foregoing reasons, the Parties respectfully request that the
23 Court grant a brief continuance of the trial date, of the corresponding deadlines for expert
24 disclosure and reports, discovery cut off, and of the hearing date for any motions.  The Parties
25 respectfully request that the Court vacate the current trial date of February 7, 2011, and
26 continue the start of trial by approximately 90 days, until May 9, 2011.  The Parties further
27 respectfully request that the Court vacate and reset the deadlines set forth in the Court's
28 January 22, 2010, Order accordingly, in order that the Parties may conclude their settlement
   before undertaking further discovery, including expert discovery, and further motion practice.

1  These dates include: a continuance of disclosure of experts and production of expert reports by
2  approximately 60 days from November 9, 2010 to January 10, 2011; the continuance of the
3  discovery deadline, including depositions of experts, by approximately 60 days from December
4  7, 2010 to February 7, 2011, and the continuance of the hearing date for any motions by
5  approximately 45 days from January 11, 2011, to February 25, 2011.
6      IT IS SO STIPULATED.

Respectfully Submitted,

Dated: October 4, 2010      CHAVEZ & GERTLER LLP

By: /s/ Kim E. Card
    Kim E. Card
    Class Counsel

Dated: October 4, 2010      SCOPELITIS, GARVIN, LIGHT,
    HANSON & FEARY

By: /s/ Robert L. Browning
    Robert L. Browning
    Attorneys for Defendant CARDINAL
    LOGISTICS MANAGEMENT CORP.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**ORDER**

The Court, having reviewed the Stipulation and Joint Request of the Parties, and good cause appearing therefor, HEREBY ORDERS that the date for disclosure of experts and production of expert reports is continued to January 10, 2011; the discovery deadline, including depositions of experts, is continued to February 7, 2011; and the hearing date for any motions is continued to March 18, 2011.   The Court VACATES the pretrial conference and trial dates. The Court HEREBY ORDERS the parties to appear for a Trial Setting Conference on April 8, 2011, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.    No further extensions will be granted.

DATED:     October 5   , 2010          

                                               Hon. Samuel Conti
                                               United States District Court Judge

**ATTESTATION REGARDING THE SIGNATURE OF NON-FILING COUNSEL**

I, Kim E. Card, co-counsel for the Plaintiffs in this action declare that, prior to the electronic filing of this Stipulation, I attained written verification of Defendant's approval of this Stipulation, and concurrence in the filing of the document.

Dated:   October 4, 2010                    _____/s/_____
                                                     KIM E. CARD